UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANON WITHERSPOON,

        Petitioner,

v.

SHERMAN CAMPBELL,

        Respondent.

                              /

Case No. 2:18-cv-13695

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING HABEAS PETITION [1], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Shanon Witherspoon ("Petitioner"), a Michigan Department of Corrections prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF 1. A jury found Petitioner guilty of assault with intent to commit murder in violation of Mich. Comp. Laws § 750.83. ECF 8-4, PgID 332. Petitioner was sentenced as a fourth-time habitual felony offender to a term of 25-to-50-years' imprisonment. ECF 8-5, PgID 349. Petitioner argues that: (1) his mandatory 25-year minimum sentence violates the separation of powers by eliminating judicial sentencing discretion, and (2) his sentence is cruel and unusual in violation of the Eighth Amendment. ECF 1, PgID 7–8. For the reasons below, the Court will deny the petition and will also deny Petitioner a certificate of appealability.

## BACKGROUND

Petitioner was charged with assault with intent to commit murder. At trial, Michael Smith testified that on New Year's Eve, 2015, he went to an apartment in

Pontiac, Michigan to watch football with Petitioner and other individuals. ECF 8-4, PgID 211–15. When Petitioner arrived, Smith asked Petitioner for the ten dollars that Petitioner owed Smith. *Id.*

During the evening Petitioner and Smith smoked crack cocaine together in the apartment. *Id.* at 218–19. A few minutes later, Petitioner pulled a knife from a kitchen knife block and attacked Smith. *Id.* at 223–24. Petitioner stabbed Smith fourteen times in his hand, wrist, shoulder, abdomen, chin, and above his eye.[1] *Id.* at 224–226. Smith testified that he thought Petitioner was trying to kill him during the attack.[2] *Id.* at 229. Smith managed to fight back and was able to restrain Petitioner by wrapping his legs around Petitioner's neck. *Id.* at 227–28. Smith spent three days in the hospital because of his injuries. *Id.* at 253.

Oakland County Sheriff Deputy Charles Piotrowski testified that he was dispatched to the crime scene. *Id.* at 276–77. When he arrived, he saw Smith on the floor with his legs locked around Petitioner. *Id.* at 278. After separating Petitioner from Smith, Piotrowski transported Petitioner to the hospital for medical treatment, and then to jail. *Id.* at 280.

Dr. Dana Busch, the trauma surgeon who treated Smith, testified that Smith had multiple stab wounds to his chest, face, back, and arms. *Id.* at 287–88. Dr. Busch

---

[1] One wound missed Smith's heart by less than a quarter of an inch. ECF 8-4, PgID 225–26.

[2] Trevor Gora was also present during the attack. ECF 8-4, PgID 259. Gora testified that he saw Petitioner grab a knife from the kitchen butcher block and swing it at Smith "maybe twenty" times. *Id.* at 259, 262. He also testified that Petitioner smoked crack cocaine the night of the attack. *Id.* at 263.

2

also testified that one of the knife wounds penetrated Smith between his ribs—causing his lung to partially collapse—and that Smith's heart was directly underneath the wound. *Id.* at 289–91.

Based on the evidence, a jury convicted Petitioner of assault with intent to commit murder. *Id.* at 332. The trial court subsequently sentenced him to 25-to-50 years' imprisonment. ECF 8-5, PgID 349. Because Petitioner was a fourth-time habitual felony offender, the trial court was required to sentence him to a mandatory 25-year minimum term. *Id.*

Following his conviction and sentence, Petitioner appealed to the Michigan Court of Appeals. Petitioner did not challenge his conviction but raised the same two claims that he presented in his habeas petition. *See People v. Witherspoon*, No. 334081, 2018 WL 442216 at *1–2 (Mich. App. Jan. 16, 2018). The court of appeals affirmed his conviction. *See generally, id.* He then appealed to the Michigan Supreme Court, which denied his application for leave to appeal. *See People v. Witherspoon*, 502 Mich. 904 (2018).

## LEGAL STANDARD

The Court may not grant habeas relief to a state prisoner unless his claims were adjudicated in state court on their merits and the adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1). Further,

> [a] state court's decision is "contrary to" . . . clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or if it "confronts a set of facts that are materially

3

indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent."

*Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

A state court unreasonably applies Supreme Court precedent when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 654 (2004)).

A federal court reviews only whether a state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court need not cite to or be aware of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by lower federal courts "may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)).

Finally, a federal habeas court presumes the correctness of state-court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may successfully rebut the presumption only by clear and convincing evidence. *Id.*

## ANALYSIS

I. <u>Separation of Powers</u>

Petitioner first claims that his minimum term of 25-years' imprisonment violates the constitutional requirement regarding the separation of powers. He asserts that the legislatively imposed mandatory minimum sentence for habitual offenders prevented the trial court from exercising its sentencing discretion. ECF 1, PgID 7.

To warrant federal habeas relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's claim is not cognizable on habeas review because the separation of powers between two branches of state government is a state law issue. See *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Petitioner's first claim is therefore not cognizable on habeas review.

II. <u>Cruel and Unusual Punishment</u>

Petitioner next claims that his sentence is cruel and unusual in violation of the Eighth Amendment because it is disproportionately long given his drug use and untreated mental illness at the time of the crime. ECF 1, PgID 10.

The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). There is no constitutional right to individualized sentencing for non-capital offenses. *See*

*Harmelin*, 501 U.S. at 995. "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000) (citing *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991)).

A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994)). And, ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, ECF 8-5, PgID 349, and his sentence falls within the maximum penalty authorized by state law, *see* Mich. Comp. Laws §§ 750.83, 769.12. Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment.

III. <u>Certificate of Appealability</u>

Petitioner must obtain a certificate of appealability to appeal the Court's decision. To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate the denial of a constitutional right, Petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Courts must either issue a certificate

of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

Here, jurists of reason would not debate the Court's denial of Petitioner's claims. The Court will therefore deny him a certificate of appealability.

Moreover, the Court will deny Petitioner permission to appeal in forma pauperis because an appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis on appeal is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 30, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

7